IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSE ABSALON ALDANA,

    Petitioner,

v.                                                    Civil Action No. 3:05CV27
                                                    Criminal Action No. 3:03CR31-01
UNITED STATES OF AMERICA,     (JUDGE STAMP)

    Respondent.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On April 1, 2005, the *pro se* petitioner, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. The motion was referred to me April 6, 2005. Petitioner filed a Motion for Judgment on the pleading on June 23, 2005. Petitioner filed a Motion for Some Disposition of the Case December 1, 2005. The Government filed its Motion to Dismiss and response March 24, 2006. Petitioner was given a Roseboro notice March 24, 2006.

### II. FACTS

#### A. Conviction and Sentence

On August 29, 2003, Petitioner signed a plea agreement by which he agreed to plead guilty to Count 36 of the superceding indictment, aiding and abetting each other in distribution of 895.7 grams of methamphetamine in violation of Title 21, United States Code, Section 841 (a)(1), and 841 (b)(1)(A). In the plea agreement, the parties stipulated to total drug relevant conduct as follows:

**Methamphetamine (Actual)**

1 gram of methamphetamine (actual) = 20 kilograms of marijuana

1,000 grams of methamphetamine x 14% = 140 grams of methamphetamine (actual)
140 grams of methamphetamine (actual) x 20 kilograms = 2,800 kilograms of marijuana

**Cocaine HCL**
1 gram of cocaine hcl = 200 grams of marijuana

1,000 grams of cocaine hcl x 200 grams = 200,000 grams = 200 kilograms of marijuana

**Total Marijuana Equivalency**
2,800 kilograms + 200 kilograms = 3,000 kilograms of marijuana

USSG § 2D1.1(c), Note (B)

Petitioner waived his right to appeal and collaterally attack his sentence. Specifically, the Petitioner's plea agreement contained the following language regarding his waiver:

> 10. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions made by the United States in this plea agreement, the defendant knowingly and voluntarily waives the right to appeal any sentence which is within the maximum provided in the statute of conviction or in the manner in which that sentence was determined on any ground whatever, including those grounds set forth in Title 18, United States Code, Section 3742. The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus). In exchange for defendant's waiver, the United States waives its right to appeal the sentence. In the event that there would be an appeal however, each party reserves the right to argue in support of the sentence.

On September 11, 2003, the petitioner entered his plea in open court. During the plea hearing, the Government presented the testimony of Tim Taucher, Special Agent with the Bureau of Immigration and Customs Enforcement to establish a factual basis for the plea. (Plea transcript pp. 23-26). Petitioner acknowledged the factual basis of the plea. (Id. at 26).

Petitioner advised the Court that he was guilty of Count 36 of the superceding indictment. Id. at 18. Petitioner further stated under oath that no one had attempted to force

him to plead guilty, and that he was pleading guilty of his own free will. (Id. at 17-18) In addition, he testified that the plea was not the result of any promises other than those contained in the plea agreement. (Id. 16-17) Finally, the petitioner testified that his attorney had adequately represented him, and that his attorney had left nothing undone. (Id. at 13-14).

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, that the petitioner understood the consequences of pleading guilty; that the elements of Count 36 were established beyond a reasonable doubt; and the Magistrate Judge recommended Defendant's plea of guilty be accepted. (Id. at 27). The Magistrate Judge filed the Report and Recommendation that the guilty plea be accepted September 16, 2003.

On February 9, 2004, the petitioner appeared before the Court for sentencing. After considering several factors, including the circumstances of both the crime and the defendant, and the sentencing objectives of punishment, the Court sentenced the petitioner to a term of 135 months imprisonment.

**B.** **Appeal**

Petitioner filed a notice of appeal February 18, 2004. The appeal was dismissed July 2, 2004.

**C.** **Federal Habeas Corpus**

Petitioner contends he received ineffective assistance of counsel at both the trial court level and on direct appeal.

1. **At the Trial Court**. His counsel did not conduct an adequate investigation of the case and did not fully explain the consequences of his guilty plea and waiver of rights.

2. **On Appeal**,

3

a.) His counsel filed Petitioner's opening brief with the Fourth Circuit without consulting with Petitioner.

b.) His counsel failed to appeal the two level upward departure based upon two weapons found in residence in which Petitioner was residing.

The Government contends Petitioner waived his right to collaterally attack his conviction and sentence. The Government also contends Petitioner is bound by his statements at the Rule 11 hearing and there is no basis for a claim of ineffective assistance of counsel.

**D.     Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's § 2255 motion be denied and dismissed from the Court's docket.

### III. ANALYSIS

**A.     Ineffective Assistance of Counsel**

Counsel's conduct is measured under the two part analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Whether counsel's performance was deficient is measured by an objective reasonableness standard. Id. A defendant must demonstrate prejudice by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 698.

4

In evaluating a post guilty plea argument of ineffective assistance of counsel, statements made under oath affirming satisfaction with counsel are binding, absent clear and convincing evidence to the contrary. Blackledge v. Allison, 431 U.S. 63, 74-75 (1977). A defendant who alleges ineffective assistance of counsel following a guilty plea "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir.), cert. denied, 488 U.S. 843 (1988).

**B.     Waiver of Collateral Attack Rights**

The Fourth Circuit has held that waiver of appellate rights in a plea agreement is valid as long as it is knowing and voluntary. United States v. Attar, 38 F.3d 727, 731 (4th Cir. 1994), cert. denied, 514 U.S. 1107 (1995). Recently, in United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005), the Fourth Circuit held that it saw no reason to distinguish between waivers of direct-appeal rights and waivers of collateral-attack rights. Thus, the Fourth Circuit held that the waiver of the right to collaterally attack a sentence is valid as long as it is knowing and voluntary. Id. The court also noted that it has allowed a "narrow class of claims" to be raised by a defendant on direct appeal despite a general waiver of appellate rights. Id. at n. 2. Specifically, the Lemaster court noted that pursuant to United States v. Marin, 961 F.2d 493 (4th Cir.1992) "'a defendant could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race'" and that pursuant to United States v. Attar, 38 F.3d 727, 732 (4th Cir.1994) "a general waiver of appellate rights could not be construed to bar a defendant from raising a claim that he had been wholly deprived of counsel during his

5

sentencing proceedings." Lemaster, 403 F.3d at 220 n. 2. However, because Lemaster did not argue that his claims fell within one of these exceptions, the court did not address whether a district court should address claims concerning these exceptions in a §2255 motion despite a waiver of the right to file a collateral attack. Id. Nonetheless, the Fourth Circuit reiterated that it saw no reason to treat waivers of collateral attack rights different than waivers of direct appeal rights. Id.

In Lemaster, the Fourth Circuit found that the petitioner's claims regarding the involuntariness of his plea was contradicted by his statements made during the Rule 11 hearing. Id. at 222. Thus, the court found that the plea and waiver were knowing and voluntary and affirmed the district court's dismissal of Lemaster's §2255 motion based on his waiver of his rights to collaterally attack his sentence. Id. at 223.

In determining whether a waiver is "knowing and intelligent," the court must review "the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused." United States v. Davis, 954 F.2d 182,186 (4th Cir. 1992) (quoting Johnson v. Zerbst, 304 U.S. 458 (1938)). A waiver is valid if the district court fully questioned the defendant about the waiver during a hearing that meets all the requirements of Rule 11 of the Federal Rules of Criminal Procedure. United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991).

A defendant's statement that his plea is voluntary and knowing is generally considered conclusive on these issues. Savino v. Murray, 82 F.3d 593, 603 (4th Cir. 1996). "Absent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." Fields v. Attorney Gen. of Maryland, 956 F.2d 1290, 1299

(4th Cir.), cert. denied, 506 U.S. 885 (1992). A defendant's statements at the plea hearing are "strong evidence" of the voluntariness of the plea agreement. United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991), cert. denied, 503 U.S. 997 (1992).

## IV. DISCUSSION

### A. Ineffective Assistance of Counsel

Petitioner alleges nothing more than the bald assertion that his counsel was ineffective. He has come forward with no evidence that his claim has merit. Nor can he claim ignorance of the consequences of his plea. During the Rule 11 hearing, petitioner acknowledged his counsel spoke Spanish, discussed the case on numerous occasions with him, left nothing undone, and did a totally satisfactory job. (Plea Transcript pp. 13-14). "Solemn declarations in open court carry a strong presumption of verity." Blackledge, 431 U.S. at 74.

As previously noted, in order to prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his counsel's performance was deficient and that the deficient performance prejudiced the defense. Here, the petitioner has failed to demonstrate that counsel's representation fell below an objective standard of competence. Strickland, at 687-91. Accordingly, he has failed to show how counsel's performance was deficient, and therefore, he cannot show how his defense was prejudiced. The petitioner has made no allegation that but for the alleged deficiencies of his counsel, he would not have pleaded guilty and would have insisted on going to trial. Hill, 474 U.S. at 59. Thus, the petitioner's claim of ineffective assistance of counsel is without merit.

Petitioner alleges his appellate counsel was ineffective because appellate counsel did not consult him prior to the appeal or appeal the two level upward departure imposed by the

sentencing judge. Petitioner waived his right to appeal in his plea agreement. As noted above, this waiver is effective so long as it was knowing and voluntary. Attar, 38 F.3d at 731. Paragraph 10 of the plea agreement contained a waiver of appellate rights. Petitioner acknowledged his understanding of all elements of the plea agreement in open court. (Plea transcript, p. 16). The Court also specifically asked petitioner at the plea hearing if he understood he was giving up the right to appeal any sentence. (Plea Transcript, p. 20). Petitioner responded affirmatively. (Id.). Petitioner's statements under oath are entitled to binding effect, absent clear and convincing evidence to the contrary. Fields, 956 F.2d at 1299. The Court found the plea was made freely and voluntarily and that petitioner understood the consequences of his guilty plea. (Plea transcript, p. 27). The waiver of the right to appeal renders the claim of ineffective assistance of counsel on appeal moot since petitioner had no right of appeal.

B. **Waiver of Collateral Attack Rights**

In determining whether the petitioner's claims are barred by the waiver, the undersigned must first determine whether any waiver was knowing and voluntary, and if so, whether petitioner's claims fall within the scope of the waiver.

The plea agreement contained a clause providing petitioner waived any right he may have had to collaterally attack his sentence. (Paragraph 10, plea agreement). As mentioned above, petitioner acknowledged at the plea hearing his understanding of all terms of the agreement and acknowledged he waived any appeal. (Plea transcript, p. 16, 20). The Court determined petitioner entered into his plea agreement knowingly and voluntarily and that petitioner understood the consequences of pleading guilty. Petitioner's statements at the plea

8

hearing are binding absent clear and convincing evidence to the contrary. Blackledge, 431 U.S. at 74. Since petitioner has not shown any reason to not credit those statements, the Court finds petitioner has waived his right to file a habeas petition. The petitioner has not raised any claims that fall outside the scope of the waiver. Therefore, petitioner's waiver should be treated as preclusive.

## V. MISCELLANEOUS MOTIONS

### A. Request for Evidentiary Hearing

As part of his Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, the petitioner requests as an alternative ground for relief that he be afforded an evidentiary hearing. 28 U.S.C. § 2255 provides in pertinent part that

> [u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States Attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

See also United States v. Witherspoon, 231 F.3d 923 (4th Cir. 2000).

Thus, if it is clear from the pleadings and the files and records that the petitioner is entitled to no relief, a hearing is not necessary. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970). The petitioner's motion and the Government's response conclusively establish that the petitioner is entitled to no relief. Thus he is not entitled to an evidentiary hearing. This motion is therefore DENIED.

### B. Motion for Judgment on the Pleading.

Petitioner seeks a Motion for Judgment on the pleadings because the Government did not respond to the petition by May 11, 2005 as directed. Federal Rule of Civil Procedure 55(e)

9

provides that no default may be entered against the United States unless the claimant establishes the claim by evidence satisfactory to the Court. Petitioner has not established his claim. Therefore, the motion should be DENIED.

C.      **Motion for Some Disposition of the Case**.

Petitioner seeks some disposition of his case. This Report and Recommendation is some deposition. The motion is moot and should therefore be DENIED.

## VI. RECOMMENDATION

The undersigned recommends that the Court enter an order **DENYING** and **DISMISSING WITH PREJUDICE**, the petitioner's § 2255 motion (Doc. No. 299), and **DENYING** his Motion for Judgment on the Pleadings (Doc. No. 316) and his Motion for Some Disposition (Doc. No. 336).

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F. 2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the pro se petitioner and the United States Attorney for the Northern District of West Virginia as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: March 2, 2007

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE