IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSE ABSALON ALDANA,

        Movant,

v.                                    Civil Action No. 3:05CV27
                                   Criminal Action No. 3:03CR31-01

UNITED STATES OF AMERICA,    (JUDGE BAILEY)
        Respondent.

## ORDER GRANTING MOTION FOR CLARIFICATION OF PREVIOUS ORDER AND REPORT AND RECOMMENDATION THAT AMENDMENTS TO § 2255 MOTION BE DENIED AS UNTIMELY

### I. Introduction

Petitioner filed a motion under 28 U.S.C. § 2255 April 1, 2005. The Government filed its Motion to Dismiss and Response March 24, 2006. The undersigned entered a Report and Recommendation March 2, 2007. Petitioner filed a Motion for Extension of Time to File Objections to the Report and Recommendations on March 15, 2007. On March 22, 2007, the District Court granted a forty-five day extension of time to file objections from March 22, 2007. Petitioner filed a Motion to Amend March 27, 2007, and on March 30, 2007, the District Court directed Petitioner to submit proposed amendment to his § 2255 petition. On April 23, 2007, Petitioner submitted his amendments to § 2255 motion and moved to waive/postpone filing of objections to the Report and Recommendations. On May 18, 2007, the District Court granted the Motion to Wave/Postpone Filing of Objections until May 27, 2007. On May 29, 2007, Petitioner moved for an extension of time to waive postpone (filing of objections). On June 1, 2007, the District Court granted an extension until forty-five (45) days after petitioner was served with a copy of the Order. On June 25, 2007, Petitioner filed a Motion for Clarification of Previous Orders.

## II. Motion for Clarification of Previous Order

Petitioner asks the Court to clarify if the Magistrate Judge will be entering a supplemental Report and Recommendation addressing the amended § 2255 claims and whether a second Report and Recommendation is imminent. Petitioner is advised that the Magistrate Judge will enter a decision on his amended § 2255 claims in this Order and that he has ten (10) days from the date of this Order to file objections to the original Report and Recommendation and the decision on his amended § 2255 claims. Motion for clarification of previous Order **GRANTED**.

## III. Amendments to § 2255 Motion

Petitioner was sentenced by Judgment in a criminal case dated February 10, 2004 and entered February 11, 2004. Petitioner filed a Notice of Appeal February 18, 2004. The appeal was dismissed July 2, 2004. Petitioner's conviction became final October 1, 2004, ninety (90) days after the entry of the judgment on the appeal because Petitioner did not file a timely Petition for Certiorari. Clay v. United States, 537 U.S. 522, 532 (2003). Petitioner had one year, until October 1, 2005, to file his Motion to Vacate Under § 2255. 28 U.S.C. § 2255. Petitioner filed his Motion to Vacate Under § 2255 April 1, 2005. This motion was timely. Petitioner filed his Motion for Leave to Amend his § 2255 Motion March 27, 2007 and Amendments to § 2255 Motion April 23, 2007. Amended § 2255 claims only relate back to the date of the original pleading if the, Amended Petition states claims that are tied to a common core of operative facts. Mayle v. Felix, 545 U.S. 644, 664 (2005). In the original petition, Petitioner claims ineffective assistance of counsel at trial (failure to conduct an adequate investigation and failure to explain the consequences of his guilty plea and waiver of rights in Paragraph 10 of the plea agreement) and on appeal (filing an opening brief without consulting petitioner and failing to appeal the two level upward departure for weapons

in his residence). The amended grounds contend that counsel was ineffective in advising the petitioner to waive the right to request a departure under U.S.S.G. § 5K1.1 in paragraph 11 of the plea agreement, that this failure survives the collateral attack waiver and he is entitled to an evidentiary hearing. This allegation of ineffective assistance for waiving the right to a 5K1.1 departure is a new allegation based on a different fact, namely waiving the right to seek a downward departure. It relates to Paragraph 11 of the plea agreement. Petitioner's previous claim of ineffective assistance as to the plea agreement related to Paragraph 10 of the plea agreement. Because this is a new allegation based upon a different paragraph in the plea agreement, I recommend Petitioner's Amendments to § 2255 Motions be **DENIED**.

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days from the date this Order is entered to file objections to 1) the original Report and Recommendation entered March 2, 2007; 2) this Order granting the Motion for Clarification, and 3) this Report and Recommendation that the § 2255 amendments be **DENIED**, file with the Clerk of the Court an original and two (2) copies of the written objections identifying the portions of the Order to which objection is made, and the basis for such objection. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to provide a copy of this Order to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: November 21, 2007

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE